**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Leonardo Lobon Rivas</u>

    v.                                    Case No. 23-cv-111-SE-AJ

<u>FCI Berlin, Warden</u>

**<u>REPORT AND RECOMMENDATION</u>**

Leonardo Lobon Rivas, proceeding pro se and an inmate formerly held at FCI Berlin,[1] filed a petition pursuant to 28 U.S.C. § 2241, seeking reinstatement of credits under the First Step Act ("FSA"). In his petition, Mr. Lobon Rivas asserts that he has earned 365 time credits under the FSA, which the BOP wrongly refuses to apply to his sentence.

The Warden moves for summary judgment (Doc. No. 11) on the basis that Mr. Lobon Rivas is the subject of a final order of removal. For the following reasons, the District Judge should grant summary judgment in the Warden's favor.[2]

---

[1] Mr. Lobon Rivas is presently held at FTC Oklahoma City, which is in the Western District of Oklahoma. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 12, 2024). The information in the BOP Online Inmate Locator is self-authenticating and properly the subject of judicial notice. <u>See</u> Fed. R. Evid. 201(b)(2); <u>United States v. Rivera</u>, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

[2] Mr. Lobon Rivas filed a near-identical § 2241 petition in this court, which is Case No. 23-476-SE-AJ. In that case, the Warden moved for summary judgment on the same grounds and Mr. Lobon Rivas filed the same objection. The court will issue a separate report and recommendation in Case No. 23-476-SE-AJ.

## **Legal Standard**

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This court may adjudicate claims alleging that the BOP has unlawfully failed to apply a prisoner's sentence credits or that the BOP has unlawfully delayed a person's transfer to a community-based custodial setting. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015). The petitioner bears the burden of proving that his continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

The Warden moves for summary judgment under Rule 56. "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Gattineri v. Wynn MA, LLC, 93 F.4th 505, 509 (1st Cir. 2024) (quoting Fed. R. Civ. P. 56(a)). A genuine factual dispute exists if "the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party," and a material fact is one "that has the potential of affecting the outcome of the case." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 16 (1st Cir. 2024) (internal quotation marks omitted). In making that determination, the court draws all reasonable inferences in favor of the nonmoving

2

party from the properly supported facts in the record.  Lech v. von Goeler, 92 F.4th 56, 64 (1st Cir. 2024).  Based on that view of the record, the court must determine whether the moving party has shown that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

## Background

Mr. Lobon Rivas is serving a 120-month sentence following a conviction in the Middle District of Florida for violating 46 U.S.C. § 70503(a), 70506(a) & (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (attempt and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction).  United States v. Lobon Rivas, No. 8:17-cr-380-T-33AAS (M.D. Fla. Jan. 22, 2018) (judgment).  BOP records state that Mr. Lobon Rivas's release date is February 13, 2026.  During his time incarcerated Mr. Lobon Rivas has earned at least 365 days of time credits under the FSA.

In support of his motion for summary judgment, the Warden submitted the declaration of Todd J. Thurlow, Assistant Field Office Director for Immigrations and Customs Enforcement ("ICE") in Manchester, New Hampshire.  Mr. Thurlow, who has access to ICE records, states that a "Notice and Order of Expedited Removal" was issued for Mr. Lobon Rivas on November 14, 2023.

3

Doc. No. 11-2 ¶ 4.  The Warden also filed the "Notice and Order of Expedited Removal," which was issued by Deportation Officer Joseph Gilbert and states that Mr. Lobon Rivas, a citizen of Colombia and noncitizen of the United States, is subject to expedited removal under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant who does not possess a valid entry document and suitable identification at time of application for admission is inadmissible).  Doc. No. 1-3, at 1-2.  The document indicates that Mr. Lobon Rivas refused to sign it.

## Discussion

The Warden moves for summary judgment, arguing that Mr. Lobon Rivas is ineligible for application of his earned FSA credits because he is the subject of a final order of removal, 18 U.S.C. § 3632(d)(4)(E)(i).[3]  Mr. Lobon Rivas objects.  He asserts that an expedited order of removal is not a "final order

---

[3] The Warden also briefly asserts in his motion that Mr. Lobon Rivas failed to exhaust his administrative remedies before filing his petition.  Additionally, the Warden, while acknowledging a contrary decision from this court, does not concede that the court has jurisdiction over this § 2241 petition after Mr. Lobon Rivas's transfer from FCI Berlin to FTC Oklahoma City.  The court finds that it has jurisdiction for the reasons discussed in Jones v. Warden, No. 21-cv-767-SE, 2023 WL 2186459, 2023 U.S. Dist. LEXIS 29800 (D.N.H. Feb. 22, 2023), and it does not address the Warden's exhaustion argument because Mr. Lobon Rivas's petition should be dismissed on its merits.

of removal" for purposes of § 3632(d)(4)(E)(i), as a final order of removal may only be issued by a judge.

In general, the FSA permits federal prisoners to earn time credits if they successfully participate in certain programs aimed at reducing recidivism or otherwise engage in productive activities. See 18 U.S.C. § 3632(d)(4)(A), (C); Komando v. Luna, No. 22-cv-425-SE, 2023 WL 310580, at *4, 2023 U.S. Dist. LEXIS 11477, at *9 (D.N.H. Jan. 13, 2023).  FSA time credits may be applied to either advance the date on which the BOP transfers the prisoner to prerelease custody (that is, to a residential reentry center or home confinement) or advance the date on which the BOP releases the prisoner from custody to supervised release.[4]  Komando, 2023 WL 310580, at *4, 2023 U.S. Dist. LEXIS 11477, at *8 ("FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release.").

One statutory exclusion states as follows: "A prisoner is ineligible to apply time credits under [the FSA] if the prisoner

---

[4] Time credits earned and applied under the FSA, § 3632(d)(4)(A), are distinct from the "good time" credits that a prisoner may earn under § 3624(b).  Portocarrero Montano v. Warden, FCI Berlin, No. 23-cv-120-SM, 2023 WL 3572791, at *1, 2023 U.S. Dist. LEXIS 84276, at *1-*2 (D.N.H. May 15, 2023).

5

is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). Section 1101(a)(17) states that "[t]he term 'immigration laws' includes this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens."

In support of his motion for summary judgment, the Warden filed evidence that shows Mr. Lobon Rivas is the subject of an expedited order of removal. Mr. Lobon Rivas contends that an expedited order of removal is not a "final order of removal" for purposes of § 3632(d)(4)(E)(i) because it was not issued by a judge. In support, he relies on Nasrallah v. Barr, 590 U.S. 573 (2020). In Nasrallah, the Supreme Court discussed the scope of judicial review for orders relating to the international Convention Against Torture in certain cases. See id. at 576 ("[T]he narrow question before the Court is whether, in a case involving a noncitizen who committed a crime specified in § 1252(a)(2)(C), the court of appeals should review the noncitizen's factual challenges to the [Convention Against Torture] order (i) not at all or (ii) deferentially."). Nasrallah does not address whether an expedited order of removal is a "final order of removal" under 18 U.S.C.

6

§ 3632(d)(4)(E)(i). See Nasrallah, 590 U.S. at 576-87. And, contrary to Mr. Lobon Rivas's position, district courts across the country have found that expedited orders of removal are "final orders of removal" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i). See, e.g., Alexander v. Healy, No. 4:23-cv-2384, 2024 WL 2020281, at *3, 2024 U.S. Dist. LEXIS 82633, at *6-7 (N.D. Ohio May 7, 2024); Pineda v. Cruz, No. 23-4939 (RMB), 2024 WL 1526120, at *3, 2024 U.S. Dist. LEXIS 64478, at *6 (D.N.J. Apr. 9, 2024); Ceron v. Engleman, No. 23-3388-SSS (AGR), 2024 WL 967858, at *2, 2024 U.S. Dist. LEXIS 40468, at *3-4 (C.D. Cal. Jan. 24, 2024), R&R adopted, 2024 WL 968850, 2024 U.S. Dist. LEXIS 39335 (C.D. Cal. Mar. 6, 2024). These courts observe that when the conditions for issuing an expedited order of removal are met and the expedited order is issued, the order is a "final order of removal" as it concludes that the alien is removable, orders removal, and is not subject to administrative review. See Pineda, 2024 WL 1526120, at *3, 2024 U.S. Dist. LEXIS 64478, at *6 ("An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review."); accord Nasrallah, 590 U.S. at 579 ("As the parties agree, in the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'").

The reasoning of those cases is sound and properly applied here.  Mr. Lobon Rivas's expedited order of removal finds that he is removable and orders his removal.  Doc. No. 11-3 ("Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the [Immigration and Nationality Act], and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.").  Therefore, Mr. Lobon Rivas is the subject of a final order of removal, and 18 U.S.C. § 3632(d)(4)(E) precludes application of Mr. Lobon Rivas's FSA time credits to his sentence.

## Conclusion

The District Judge should grant the Warden's motion for summary judgment (Doc. No. 11) and direct the clerk to enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  The objection period may be extended upon motion.  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 16, 2024

cc: Leonardo Lobon Rivas, pro se
    Counsel of Record